JACOB CHRISTOPHER and WILLIAM S. SIMPSON, Respondents, v. NATIONAL BREWERY COMPANY, Appellant.

### St. Louis Court of Appeals, November 9, 1897.

Lease: EXECUTION BY AGENTS WITHOUT WRITTEN AUTHORITY OF LESSORS: RATIFICATION: STATUTE OF FRAUDS. Where a lease of certain premises, by the executors under a power in the will of the original owner, was executed by their agents without written authority, a deed to the premises by plaintiffs' grantor, who was the owner thereof at the time of the execution of the lease, excepting the lease from its general warranty, was a ratification of the lease. Moreover, defendant having entered into possession of the premises under the lease and paid the rent until it voluntarily vacated the same, was in no position to invoke the statute of frauds or want of written authority in the lessors' agents to sign their names to the lease.

*Appeal from the St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED; all the judges concurring, Judge BIGGS in the result.

*Rombauer & Rombauer* for appellant.

Executors can not delegate discretionary powers without express authority to do so, and no such authority is given by the will of McLean to Crane & Campbell.   Mech. on Agency, sec. 189, and citations.

In cities, towns and villages, all agreements for the leasing, renting or occupation of stores or other buildings, not made in writing, signed by the parties thereto,

or their agent, lawfully authorized by writing, are tenancies from month to month, and all such tenancies may be terminated by either party thereto, or his agent, giving to the other party or his agent one month's notice in writing of his intention to do so. R. S. 1889, secs. 5182, 6371; *Hoover v. Oil Co.*, 41 Mo. App. 317; *Lehman v. Nolting*, 56 Mo. App. 549; *Clemens v. Broomfield*, 19 Mo. 118, 104 Mo. 409.

The doctrine of part performance has no application to cases of this character. *Sharp v. Rhiel*, 55 Mo. 97; *Johnson v. Reading*, 36 Mo. App. 306; *Nally v. Reading*, 107 Mo. 350; *Tiexenbrun v. Tiexenbrun*, 65 Mo. App. 253.

A ratification can only be effectual between the parties when the act is done by the agent avowedly for or on account of the principal. Story on Agency [9 Ed.], 295, sec. 251a; *Ferry v. Taylor*, 33 Mo. 323; *Hammerslough v. Cheatham*, 84 Mo. 13; Mech. on Agency, 84, sec. 117. And he only can ratify who might authorize in the beginning. *Bank v. Gay*, 63 Mo. 33.

*Fisse & Kortjohn* for respondents.

The ratification of an act done by one assuming to be an agent relates back and is equivalent to a prior authority. *Hawkins v. McGroarty*, 110 Mo. 546.

Even if there had been no ratification in writing, yet the defendant having been put in possession of the premises can not now be permitted to say that the lease was not binding on it. *Bless v. Jenkins*, 129 Mo. 647 at 657.

BOND, J.—This suit is for rent. After issue joined the parties submitted it to the decision of the court upon the following agreed statement of facts:

"Now come the plaintiffs and the defendant herein and submit to the court the following agreed state-

ment of facts, and they stipulate that the court may, regardless of the pleadings in the said cause, render judgment on the facts herein agreed upon, which are as as follows, to wit:

" 'The defendant herein is a corporation, organized under the laws of the state of Missouri for the manufacture and sale of beer.

" 'Shortly prior to the 15th day of April, 1893, J. H. Crane and Louis F. Campbell were the surviving executors under the last will and testament of J. H. McLean, which said last will and testament was construed by the circuit court, city of St. Louis, Missouri, in the cause styled *In re J. H. McLean*, being cause number 78,591 and a decree was rendered construing said will, which decree is recorded in record book 117, page 33, and that part of the decree which has any bearing upon this case is as follows:

." 'The court doth further order, adjudge and decree that the said J. H. Crane and Louis F. Campbell are declared to be the surviving executors under said will of said estate, with all the powers derived from said will given to said executors, and that said will be construed and that the said executors be directed to continue to collect demands and sue for all the rents and profits of the real estate and to lease the same belonging to the said James H. McLean at the time of his death.

" 'That they may employ such agents that may be necessary to collect said rents for the purpose of renting the same, and to pay taxes and other claims legally claimed.

" 'At that time the said estate owned a certain two-story brick house on the northwest corner of Twenty-first and Washington avenue, and known as No. 2101 Washington avenue. The trustee aforesaid caused J. A. Duffy & Son, prior to the 15th day of April, 1893, to enter into an agreement with one John Kernan and

the defendant herein, which is in words and figures as follows, to wit:' ''

Then follows lease of the property by said exec-utors to John Kernan for five years upon a rent reserved of $60 per month, payable in advance, for said term, together with other provisions not necessary to be set out. Defendant signed said lease as surety of the lessee. That J. A. Duffy & Company, who subscribed the names of the said executors to the said lease, as their agents, had no written authority so to do. John Kernan, the person mentioned in the said lease as lessee, went into possession of the building described in the said lease, and was in such possession on the twenty-ninth day of January, A. D. 1894. On the said twenty-ninth day of January the fee simple title of the said building, and the lot whereon the same is erected, was in Charles Hart McLean, who by deed dated the twenty-ninth day of January, 1894, sold the said building and the ground whereon the same is erected, to the plaintiffs herein, Jacob Christopher and Wm. S. Simpson. The said deed is recorded in book 1194, page 365, of the recorder's office of the city of St. Louis, and is in words and figures as follows, to wit.

The deed in question describes the consideration and the property and conveys the same, concluding as follows:

"This conveyance being made subject to a certain deed of trust recorded in book 696, page 281, in the office of the recorder of deeds for the city of St. Louis, dated March 1st, 1893, to secure to Paul Ertell the payment of one principal note for $10,000 due three years after date, which said second parties assume and agree to pay as part of the consideration hereof.

"To have and to hold the same, with all the rights, privileges and appurtenances thereto belonging, or in anywise appertaining unto the said parties of the sec-

ond part, their heirs and assigns forever, the said Charles Hart McLean, party of the first part, hereby covenanting that he and his heirs, executors and administrators will warrant and defend the title to the said premises, and every part thereof, to the said parties of the second part, their heirs and assigns forever, against the lawful claim or claims of all and every person or persons whomsoever, claiming or to claim the same, or any part thereof, except all taxes for the year 1894 and thereafter, the deed of trust above mentioned and a certain lease recorded in book 1145, page 102, for the term of five years from April 15th, 1893, to John Kernan.

"In witness whereof, the said party of the first part has hereunto set his hand and seal the day and year first herein written."

Immediately after the plaintiffs herein became the owners of the said real estate, they employed the G. Schuchmann Real Estate Company to collect from the lessee in said lease the rents reserved therein, and while the said Schuchmann Real Estate Company was so acting as the agent of the plaintiffs herein, the defendant on the eighteenth day of December, 1895, served on it the following notice:

"*To G. Schuchmann Real Estate Co.*

"GENTLEMEN: You are hereby informed to accept Mr. J. S. Rutherford as a tenant at 2101 Washington Avenue, he being the successor of John Kernan.

"NATIONAL BREWERY CO.,
"Per CHAS. E. BLUM."

"December 18, 1895.

That at the time of the service of the above notice the National Brewery Company had no knowledge that J. A. Duffy & Company had at the time when they signed said lease no written authority to sign the same for the said executors.

Thereafter the said defendant herein, the National Brewery Company, went into the possession of the said real estate under the instrument aforesaid, purporting to be a lease, and remained in possession thereof until the fifteenth day of September, 1896. The rent for the said premises was paid by the defendant to plaintiffs up to the fifteenth day of September, 1896. Since that time no rent has been paid by the defendants, but on the fifteenth day of August, 1896, defendant gave to plaintiffs herein a written notice in words and figures as follows, to wit:

"St. Louis, Mo., Aug. 15, '96.

"*Mr. Thomas F. Farrelly, 812 Chestnut Street, City.*

"DEAR SIR: We hereby notify you as the agent of Messrs. Jacob Christopher and William S. Simpson, the owners of the premises situated on the northwest corner of twenty-first and Washington avenue, and known as No. 2101 Washington avenue, in this city, that we will vacate said premises on the 15th day of September, 1896, and that upon said 15th day of September, 1896, we will deliver possession of said premises to you as such agent or to such person as may be designated by said Christopher and Simpson, and we will upon that day terminate our tenancy of said premises.        Yours truly,

"NATIONAL BREWERY COMPANY,

"By JOSEPH GRIESEDIECK, Vice-Pres."

And thereafter on the fourteenth day of September, 1896, the defendant gave to plaintiffs another written notice, in words and figures as follows, to wit:

"St. Louis, September 14, 1896.

"*Thomas F. Farrelly, Esq., as Agent of Jacob Christopher and William S. Simpson, 812 Chestnut street, City.*

"DEAR SIR: On August 15th, 1896, the undersigned National Brewery Company notified you in writing, as

agent of Jacob Christopher and William S. Simpson, that it would deliver possession of the premises situated on the northwest corner of Twenty-first street and Washington avenue to you as such agent on September 15th, 1896. It will deliver possession of the premises on that day as stated. If, however, the notice above referred to does not terminate the tenancy of the above premises, you are hereby notified that it is the intention of the National Brewery Company, and this notice is served upon you for that purpose, to terminate said tenancy in one month from the day the September rent is due, said rent being due on the 15th day of September, 1896.

"Yours truly,

"NATIONAL BREWERY COMPANY,

"By HENRY GRIESEDIECK, JR.,

"President."

Thereafter on the day named in said notice, the defendant removed from the said premises, insisting that it was nothing but a monthly tenant. Plaintiffs, however, on their part insisted that it was liable for the rent of the said premises until the expiration of the said lease.

If the contention of plaintiffs is correct, then the defendant owes to them rent for the said premises from the fifteenth day of September, 1896, at the rate of $60 per month.

If the contention of the defendant is correct, that is to say, if defendant was not bound by its signature to the said lease, either as principal or surety, or assignee of the lease, and was only a monthly tenant, or guarantor of a monthly tenant, then it is admitted that the tenancy has been properly terminated by the said notices. Plaintiffs' contention is that the deed of Charles H. McLean hereinbefore set out is a ratifica-

tion of the lease signed by Duffy & Company as agents of the executors.

The court rendered judgment for plaintiff for $540, from which defendant appealed.

The first question presented by the agreed statement of facts is as to the effect of the deed of C. H. McLean conveying the property in question to the plaintiffs. If the recitals therein amount to a ratification of the lease under which defendant held said premises, and if said McLean was not disabled from making such ratification, the position assumed by plaintiffs must be affirmed. The language of the deed excepts from its general warranty, against all claims whatsoever, a deed of trust (not important in this case), "and a certain lease recorded in Book 1145, page 102, for the term of five years from April 15, 1893, to John Kernan." When this language was used the property conveyed was owned in fee simple by the grantor except to the extent it had been encumbered by the executors in the discharge of the power given them to lease, and was in the possession of the original tenant named in the lease executed on behalf of the executors and referred to in the deed, such tenant having entered into possession when the lease was made and continued to hold possession up to the time of the execution of the deed. Under such circumstances but one meaning can be affixed to the language of the deed referring to said lease in the above terms, which is that the owner of the property thereby recognized the possession and term of the tenant as fully existing and to continue despite the operation of the deed. In other words, the language in question simply meant that the premises had come to the grantor, and were conveyed by him, subject to a lease in favor of the person then occupying the premises in performance

*Margin note: LEASE: execution by agents without authority of lessors: ratification: statute of frauds.*

of the previous contract of letting. No other conclusion can be legally drawn from the language used and the status of the parties at the time as to possession under, and compliance with the provisions of the previous lease. These two latter elements are held to be* sufficient evidence of ratification of a lease executed by the agent of the owner without written authority. *Bless v. Jenkins,* 129 Mo. *loc. cit.* 659, 660. In the case at bar we have the additional feature of a recognition of the lease by an express written statement to that effect in the deed of conveyance of the leased property. Hence the conclusion must be reached that the terms of the deed and the relationship of the parties when it was executed, present substantial evidence of such affirmance of the lease as cured the want of written authority on the part of the agents who signed the name of the executors to the instrument, provided the person who made such ratification was legally capable of so doing. As to this, it need only be said that the grantor in the deed was in privity with the executors to the extent of the benefits and obligations created by the lease. For the will, as construed, authorized the executors to lease the property and by consequence to charge the reversionary owner with the terms of such lease. 1 Greenleaf on Evidence, sec. 189. When such owner acquired the interest of the lessors (executors) he succeeded to the rights and duties flowing from the previous lease, if that instrument was operative or effectual. On the other hand, if the lease was inoperative or ineffectual when the title to the property accrued to the grantor, on account of the absence of written authority from the executors for their signatures to the lease, or for want of ratification by them, it was then the right of the owner of the property to ratify and adopt the lease made in legal effect on his

behalf by the agents of the lessors. This is the necessary result of the position of the grantor in the deed as a privy, in right and interest, of the lessors. That they (lessors) had plenary power to ratify the lease to which their names were affixed without written authority, can not be questioned under the language of the will. That they did in fact ratify the lease, before the title to the property passed to plaintiff's grantor, by putting the lessees in full possession and receiving rent, is supported by the evidence in the agreed statement of facts. That such a ratification by them would have concluded the subsequent owner in the same manner as a valid execution of the lease in the first instance, is clear. But it is not necessary in this case to confine the power of ratification to the executors. Plaintiff's grantor enjoyed a similar right which was unequivocally exercised by him in a written statement in his deed conveying the property subject to such lease.

Another view of this case is equally decisive of the correctness of the finding of the trial court, which is that the defendant is in no position to rely on the statute of frauds or the want of written authority in the real estate agents to sign the name of the executors to the lease.

Defendant went into possession under said lease and paid the rent to plaintiff until the fifteenth of September, 1896, when it voluntarily vacated the premises. These admitted facts constitute a performance of the lease and debar defendant from invoking the statute of frauds. This is expressly and distinctly announced in the case cited, *supra*, where the facts as to the leasing were similar to those in the case at bar. That being the last decision of the supreme court is binding on us, irrespective of the fact that some of its former rulings may have been different. This was fully recognized, and the doctrine of the last case has

been applied to this court at its present sitting. See case number 6897.

For the foregoing reasons the judgment in this case is affirmed. Judge BLAND concurs; Judge BIGGS concurs in result.